a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| CARLOS E. APONTE-SOBRADO #33841-069, Plaintiff | CIVIL DOCKET NO. 1:22-CV-1390 SEC P |
| VERSUS | JUDGE DEE D. DRELL |
| USA, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Complaint filed pursuant to the Federal Tort Claims Act ("FTCA") by pro se Plaintiff Carlos Aponte-Sobrado ("Aponte-Sobrado"). ECF No. 1. Aponte-Sobrado is an inmate in the custody of the United States Bureau of Prisons, incarcerated at the Federal Correctional Institution in Jesup, Georgia.

Because Aponte-Sobrado's claim is untimely and otherwise barred, the Complaint (ECF No. 1) should be DENIED and DISMISSED WITH PREJUDICE.

I. **Background**

Aponte-Sobrado alleges that from October 15, 2019, to November 19, 2019, while housed at the United States Penitentiary in Pollock, Louisiana ("USP-Pollock"), he requested that A-D Unit Manger Beoubeff provide a "official service Oath and Acknowledgment stamp pursuant to 18 U.S.C. § 4004 to verify inmate/Plaintiff's

identification and signature on several legal documents."[1] ECF No. 1 at 3. According to Aponte-Sobrado, "Unit Manager Beoubeff engaged in conduct clearly demonstrating his refusal to provide Plaintiff with the service sought which further amounts to a breach of fiduciary duty owed to inmate/beneficiary and act of knowing and intentional negligence of duty owed." *Id.*

Aponte-Sobrado allegedly provided "notification via the BOP's TRULINCS Electronic Inmate Request to Staff" of Beoubeff's "failure to provide the service requested." ECF No. 1 at 4. He asserts that all requests went unanswered.

Aponte-Sobrado alleges that he entered a "security/trust agreement/contract" with USP-Pollock officers that created a fiduciary relationship between him and the Government. ECF No. 1 at 15-16. Aponte-Sobrado asserts that USP-P officers failed to comply with numerous BOP Program Statements, constituting a breach of their duties. *Id.* According to his "Tort Claim" forms, Aponte-Sobrado maintains that the alleged breach of duty resulted in his false imprisonment, kidnapping, and extortion. ECF No. 1-2.

## II. Law and Analysis

The United States is immune from suit unless it consents to be sued, and the terms of such consent, or waiver of its sovereign immunity, "define [the] Court's jurisdiction to entertain the suit." *United States v. Testan*, 424 U.S. 392, 399 (1976). The FTCA provides a remedy for civil actions against the United States for the loss

---

[1] Under § 4004, "wardens and superintendents, associate wardens and superintendents, chief clerks, and record clerks, of Federal penal or correctional institutions, may administer oaths. . . ." 18 U.S.C. § 4004.

of property, personal injury, or death caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his employment. 28 U.S.C. § 1346(b); 28 U.S.C. § 2679(b)(1). The United States Supreme Court has recognized that "limitations and conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied." *Lehman v. Nakshian*, 453 U.S. 156, 161 (1981) (citations omitted).

Aponte-Sobrado's Administrative Tort Claim, TRT-SCR-2021-02697, was denied on March 24, 2021. ECF No. 1-2 at 9. Aponte-Sobrado was informed that he had six months within which to bring suit in the federal court. *Id.* at 10. On April 13, 2021, Aponte-Sobrado filed a request for reconsideration, arguing that his claim was misconstrued as one for personal injury when it was really a claim for property damage. ECF No. 1-2 at 12-13. Aponte-Sobrado also claimed that the breach of fiduciary duty resulted in his false imprisonment. *Id.* at 13. The request for reconsideration was denied on August 31, 2021. ECF No. 1-2 at 28-29.

Aponte-Sobrado sent a letter in response to the denial of reconsideration stating that all documents in his central file are "cancelled." ECF No. 1-2 at 33. He also mailed a "Certificate of Default." *Id.* at 38.

Because Aponte-Sobrado did not file suit within six months of the final denial of his tort claim, or within six months of his request for reconsideration, the Complaint (ECF No. 1) is untimely. *See* 28 C.F.R. § 14.9; 32 C.F.R. § 536.89.

Moreover, Aponte-Sobrado does not provide factual allegations supporting his claim that he suffered a loss of "real or personal property." There is no basis for

Aponte-Sobrado's contention that prison officials' failure to administer an oath or violations of any other administrative rules or program statements resulted in his wrongful imprisonment, kidnapping, extortion, or personal property damage.

Finally, the FTCA cannot be used to attack a criminal conviction or judgment, or to call into question the validity of a criminal judgment by implication. *See Williams v. Jackson*, 1:05-CV-485, 2006 WL 8440816, at *8 (E.D. Tex. Sept. 6, 2006) (citing *Heck v. Humphrey*, 512 U.S. 477 (1994); *Parris v. United States*, 45 F.3d 383, 384-385 (10th Cir. 1995), *cert. denied* 514 U.S. 1120 (1995)). Although Aponte-Sobrado does not directly challenge the judgment of conviction, he specifically claims that his "confinement/custody [is] unlawful." ECF No. 1 at 22. Aponte-Sobrado is confined pursuant to a judgment. His claim necessarily questions the validity of his conviction, and is thus *Heck*-barred.

### III. Conclusion

Because Aponte-Sobrado's FTCA claim is untimely and otherwise barred by *Heck*, IT IS RECOMMENDED that the Complaint (ECF No. 1) be DENIED and DISMISED WITH PREJUDICE under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A..

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Wednesday, September 21, 2022.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE